# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

Case No.: 5:23-CV-00392-JSM-PRL

YOUNG HEUP SONG,

    Plaintiff,

vs.

SCOTT FISH, individually and as Manager; JORDAN FISH, as agent and principal; UP DEVELOPMENT COMPANY, LLC, a Florida Limited Liability Company; and UP CLERMONT HILLS INVESTOR, LLC, a Florida Limited Liability Company,

    Defendants.
_____/

## JOINT MOTION
## TO STAY PROCEEDINGS, PENDING COMPLETION OF SETTLEMENT
## OR, IN THE ALTERNATIVE,
## TO DISMISS, WITHOUT PREJUDICE,
## AND
## RETENTION OF JURISDICTION
## TO ENFORCE TERMS OF SETTLEMENT AGREEMENT

Plaintiff, YOUNG HEUP SONG ("Mr. Song"), and Defendants, SCOTT FISH, individually and as Manager; JORDAN FISH, as agent and principal; UP DEVELOPMENT COMPANY, LLC, a Florida Limited Liability Company; and UP CLERMONT HILLS INVESTOR, LLC, a Florida Limited Liability Company ("Defendants") (collectively, the "Parties"), by and through their respective undersigned counsel and pursuant to the terms of their Settlement Agreement and

pursuant to Federal Rule of Civil Procedure 16, Middle District of Florida Local Rule 3.09, and the inherent powers of the Court, hereby file this Joint Motion to Stay Proceedings, Pending Completion of Settlement or, in the Alternative, Motion to Dismiss, without Prejudice, and Retention of Jurisdiction to Enforce terms of Settlement Agreement, and provide good cause as follows:

**Relevant Factual and Procedural Background**

1. Mr. Song filed this action on June 21, 2023 against Defendants, asserting claims related to his $1,000,000.00 purchase of a 7% membership interest in Up Clermont Hills Investor, LLC from Defendant Scott Fish.

2. On June 11, 2024, this Court entered an Order denying Defendants' Motion to Strike Second Amended Complaint, and ordered the Defendants to Answer the Second Amended Complaint within fourteen (14) days (Dkt. 49).

3. The Parties determined that it is in their best interests to resolve their disputes and differences through a settlement, now, but which settlement will require ninety (90) days to be fully completed and effective.

4. The Parties wish to resolve their dispute and not continue to incur litigation expenses during the intervening ninety (90) day period needed to complete the Parties' settlement. However, the Parties' compliance with the deadlines in the Court's operative Case Management Order over the next 90 days will inevitably result in the Parties incurring more fees.

5. Pursuant to the terms of the Settlement Agreement, the Parties agreed to file this Motion to Stay the Proceedings, Pending Completion of Settlement or,

in the Alternative, Motion to Dismiss, without Prejudice, with the Court Retaining Jurisdiction to enforce the terms of the Settlement Agreement.

6. Once the terms of the settlement agreement are completed, the Parties will file a Stipulation of Dismissal, with Prejudice, pursuant to Fed. R. Civ. P. 41.

7. The Parties request that this Court retain jurisdiction to enforce the terms of the Settlement Agreement, including its Default provisions.

8. This Joint Motion is made in good faith and not for any improper purpose or undue delay.

## Memorandum of Law

Federal Rule of Civil Procedure 16 expressly permits District Courts to issue and modify scheduling orders for good cause, including the settlement of cases, related special procedures, and facilitating inexpensive disposition of an action.

Additionally, Middle District of Florida Local Rule 3.09(a) acknowledges that parties may enter into contingent settlements, and 3.09(b) provides that, "When notified of an agreement to settle a civil action, a judge may dismiss the case subject to the right of a party to move within a stated time to re-open the case for entry of a stipulated final order or a judgment or for further proceedings."

Here, the Parties' Settlement Agreement requires ninety (90) days to be completed, and provides for certain default provisions (including the entry of a Final Judgment in an amount of $1,200,000.00, with an additional twenty (20) percent of principal to satisfy the Settlement Payment). Accordingly, the Parties respectfully request the Court's assistance to fully resolve this action.

WHEREFORE, Plaintiff and Defendants jointly and respectfully request that this Court enter an Order:

(1) granting this Joint Motion;

(2) staying this action pending completion of the Parties' Settlement Agreement or, in the alternative, dismissing this action without prejudice;

(3) retaining jurisdiction to enforce the Settlement Agreement; and

(4) entering such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted on September 9, 2024.

*/s/ Joseph A. Sacher*
**Joseph A. Sacher, Esq.**
Florida Bar No. 174920
**GORDON REES SCULLY MANSUKHANI**
100 S Ashley Drive, Suite 1290
Tampa, Florida 33602-5309
Telephone: (305) 428-5339
Email: jsacher@grsm.com
Email: aruff@grsm.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

GORDON REES SCULLY MANSUKHANI

*/s/ Joseph A. Sacher*
**Joseph A. Sacher, Esq.**